IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IVAN MARTINEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:23-CV-0877-D |
| | § | |
| JSG ENTERPRISES, LLC and | § | |
| JOHN GARCIA, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Ivan Martinez ("Martinez") moves to compel post-judgment discovery responses from defendants JSG Enterprises, LLC and John Garcia. For the reasons that follow, the court grants the motion.

I

On October 31, 2023 the court entered a default judgment against defendants in this action under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* Martinez thereafter sought to conduct post-judgment discovery to assist in collecting the judgment. On December 15, 2023 Martinez served on each defendant written interrogatories and requests for production of documents (collectively, the "written discovery requests"). Defendants failed to respond within the time required. *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), 6(d). Martinez then served defendants with a letter instructing them to respond to the written discovery requests no later than February 9, 2024 and informing them that he would file a motion to compel if they did not respond. When defendants still had not

responded to the written discovery requests, Martinez filed the instant motion to compel. Defendants have not responded, and the motion is now ripe for decision. The court is deciding the motion on the briefs, without oral argument.*

II

Rule 69(a)(2) allows a judgment creditor to "obtain discovery from any person—including the judgment debtor—as provided in [the Federal Rules of Civil Procedure] or by the procedure of the state where the court is located." Rule 69(a)(2). "A judgment creditor thus has the choice of which method to use," but if the creditor "clearly indicate[s] [his] intent to pursue postjudgment discovery in the manner provided by the Federal Rules of Civil Procedure," "Texas law does not apply to [his post-judgment] discovery requests" and, "[i]nstead, federal law will apply." *FDIC v. LeGrand*, 43 F.3d 163, 171-72 (5th Cir. 1995).

"The scope of postjudgment discovery is very broad to permit a judgment creditor to discover assets upon which execution may be made." *Id.* at 172; *see Republic of Argentina v. NML Capital, Ltd.*, 573 U.S. 134, 138 (2014) ("The rules governing discovery in postjudgment execution proceedings are quite permissive."). "Pretrial discovery rules apply to Rule 69(a)(2) post-judgment discovery." *Branch Banking & Tr. Co. v. Harcharan Singh Narang, M.D., P.A.*, 2018 WL 10398477, at *2 (N.D. Tex. Aug. 20, 2018) (Rutherford, J.)

---

*Martinez indicates that he intends to file a separate motion for attorney's fees and costs. The court therefore does not address whether Martinez is entitled to attorney's fees or costs associated with this motion to compel.

(citing *Mitchell v. Sizemore*, 536 Fed. Appx. 443, 444 (5th Cir. 2013) (per curiam)). "The general rule in the federal system is that, subject to the district court's discretion, '[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.'" *NML Capital*, 573 U.S. at 139 (quoting Rule 26(b)(1)).

Consequently, in the post-judgment stage, as in the pretrial stage, "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Rule 37(a)(1). As relevant in this case, the movant "may move for an order compelling an answer, designation, production, or inspection" if "a party fails to answer an interrogatory submitted under Rule 33" or "fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Rule 37(a)(3)(B). "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action," Rule 37(a)(1), although courts have excused plaintiffs from this requirement "due to [a] defendant's total lack of participation in [the] action," *Sentry Select Ins. Co. v. Cockrell*, 2023 WL 3609159, at *2 (N.D. Miss. May 23, 2023).

"A party who opposes a discovery request must, in response to a Rule 37(a) motion to compel, urge its supported objection to the request, and, if it does not, it waives the objection." *Branch Banking*, 2018 WL 10398477, at *2 (citing *Orchestrate HR, Inc. v. Trombetta*, 178 F.Supp.3d 476, 507 (N.D. Tex. 2016) (Horan, J.)). "A party resisting discovery must specifically show how each discovery request is not relevant or

objectionable." *Id.* (citing *McLeod, Alexander, Powel, & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)). "A party resisting discovery must also show how the requested discovery is overly broad, burdensome, or oppressive by submitting affidavits or offering other evidence showing the nature of the burden alleged." *Id.* (citing *Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005) (Lynn, J.)).

## III

In view of the relevant standards and defendants' failure to respond to Martinez's motion, the court grants the motion. Martinez's post-judgment written discovery requests seek relevant information that is proportional to the needs of the case. This discovery is "important to [Martinez's] ability to identify and recover [defendants'] assets to satisfy the judgment in [his] favor." *Branch Banking*, 2018 WL 10398477, at *2. Martinez never received discovery from defendants in the course of the case, so defendants' relative access to this information—which should be within their custody and control—is much greater than Martinez's. Furthermore, "any burden on [defendants] in producing their own financial and business records does not outweigh the benefit of such discovery to [Martinez's] ability to collect on [his] judgment." *Id.*

\* \* \*

For the reasons explained, the court grants Martinez's motion and orders defendants to respond to Martinez's post-judgment interrogatories and requests for production of documents within 21 days of the date this memorandum opinion and order is filed.

**SO ORDERED**.

June 14, 2024.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE